IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT LEE MCNEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-00125-DGK |
| ) | |
| NITTO, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER GRANTING PARTIAL MOTION TO DISMISS</u>**

This case arises after Defendant Nitto, Inc., ("Nitto") terminated Plaintiff's employment. Plaintiff alleges Defendant discriminated, harassed, and retaliated against him, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Now before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (Doc. 8). Because Plaintiff failed to administratively exhaust his race discrimination and harassment claims, the motion is GRANTED.

**Background**

Defendant employed Plaintiff as a production operator until June 6, 2018, when it terminated his employment. On June 15, 2018, Plaintiff filed a charge with the Equal Employment Opportunities Commission ("EEOC") (Doc. 5-3 at 1). In his charge, Plaintiff checked the "retaliation" box as the discrimination he suffered, and alleged in relevant part:

> On or about May 24, 2018, I filed an EEOC charge against respondent (charge no. 563-2018-01874) alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Americans with Disabilities Act of 1990, as amended ("ADA"). On or about June 4, 2018, I requested to take sick leave. The request was approved by management. On or about June 6, 2018, Respondent terminated me. The stated reason for termination was that I failed to cover for the overtime portion of my June 4th shift. In the past, I have requested sick leave for shifts that had overtime hours scheduled and were not covered, but was not

> terminated. I am also aware of other employees who have engaged in the same or similar behavior and was [sic] not terminated.
>
> I believe that respondent retaliated against me for filing the aforementioned complaint, in violation of Title VII and the ADA

*Id*. On November 30, 2018, the EEOC closed its file and issued Plaintiff a Notice-of-Right-to-Sue Letter. *Id*. at 5. Plaintiff filed the present complaint on February 22, 2019, asserting Title VII claims of race discrimination and harassment, as well as retaliation (Doc. 5).

Defendant then filed the instant motion, contending Plaintiff has failed to exhaust his administrative remedies as to his race discrimination and harassment claims (Doc. 8). Plaintiff did not respond to the motion.

**Standard**

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Discussion**

To bring a claim under Title VII, a plaintiff must first exhaust his administrative remedies by "giv[ing] notice of all claims of discrimination in the administrative [charge]" with the EEOC. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Exhaustion allows the EEOC an initial opportunity to investigate the discrimination and obtain voluntary compliance. *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996). Courts are not to use administrative procedures "as a trap for unwary *pro se* civil-rights plaintiffs" and should construe discrimination claims

"charitably" when appropriate. *Id*. at 685.

A difference exists, however, between "liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Id*. (internal marks omitted). Thus, while the complaint need not mirror the administrative charge, "the sweep of any subsequent judicial complaint" must be "no broader than the scope of the EEOC investigation which could reasonably be expected to grow out of the charge filed in the EEOC complaint." *Wedow v. City of Kansas City, Mo*., 442 F.3d 661, 674 (8th Cir. 2006) (citation and internal marks omitted).

Plaintiff failed to exhaust his administrative remedies as to his race discrimination and harassment claims. Plaintiff's charge alleges only that he suffered from retaliation; Plaintiff neither checked the box for race discrimination nor asserted any specific facts related to his purported race discrimination and harassment. In fact, he failed to allege his own race. Thus, the EEOC investigation that could have reasonably grown out of his charge would not have encompassed race discrimination or harassment.

Plaintiff's failure to comply with the administrative requirements forecloses his claims. *See Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (dismissing claims for failure to exhaust where plaintiff's EEOC charge left the "race" box empty and failed to "allege any facts in the narrative section of her charge which raise the issue of race discrimination"); *Favaloro v. BJC Healthcare*, No. 4:14-CV-284-CAS, 2015 WL 6531867, at *3 (E.D. Mo. Oct. 28, 2015) (dismissing disability discrimination claim for failure to exhaust where plaintiff did not check the box for "disability" and did not allege any disability discrimination in the "particulars" section in his charge).

## Conclusion

Because Plaintiff's race discrimination and harassment claims are unexhausted,

Defendant's partial motion to dismiss is GRANTED.  Plaintiff may continue to pursue his claim of retaliation, but his race discrimination and harassment claims are DISMISSED.

**IT IS SO ORDERED.**

Date:  April 22, 2019                               /s/ Greg Kays
                                                                         GREG KAYS, JUDGE
                                                                         UNITED STATES DISTRICT COURT